Cite as: 547 U. S. \_\_\_\_ (2006)            1

# SUPREME COURT OF THE UNITED STATES

### ELLEN JEANETTE MORELAND
05–8268                    *v.*
### FEDERAL BUREAU OF PRISONS ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT


### DAVID O'DONALD
05–8504                    *v.*
### TRACY JOHNS, WARDEN

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Nos. 05–8268 and 05–8504.   Decided April 24, 2006

The petitions for writs of certiorari are denied. JUSTICE ALITO took no part in the consideration or decision of petition No. 05–8504.

Statement of JUSTICE STEVENS respecting the denial of the petitions for writ of certiorari.

The legal question presented by these certiorari petitions is whether the phrase "term of imprisonment" in 18 U. S. C. §3624(b) means "sentence imposed," as petitioners argue, or "time served," as the Government contends. The answer to that question determines the actual amount of good-time credits that prisoners serving federal sentences may earn, and therefore how much time they may actually spend in prison. For prisoners who consistently comply with prison regulations, the difference in approaches amounts to about a week for each year of their sentences. The issue, accordingly, is of great importance to such prisoners. Given the numbers affected and the expense of housing prisoners, it surely also has a significant impact on the public fisc.

The fact that 10 Courts of Appeals have either agreed

with, or deferred to, the Government's interpretation provides a principled basis for denying these certiorari petitions. Nevertheless, I think it appropriate to emphasize that the Court's action does not constitute a ruling on the merits and certainly does not represent an expression of any opinion concerning the wisdom of the Government's position. As demonstrated by the thoughtful opinion prepared by Magistrate Judge Stephen Smith, 363 F. Supp. 2d 882 (SD Tex.) (case below in No. 05-8268), rev'd, 431 F. 3d 180 (CA5 2005), both the text and the history of the statute strongly suggest that it was not intended to alter the pre-existing approach of calculating good-time credit based on the sentence imposed.

Despite its technical character, the question has sufficient importance to merit further study, not only by judges but by other Government officials as well. Nine out of ten Circuits have recognized that the Federal Bureau of Prisons has the discretion to adopt petitioners' approach, and Congress of course has the power to clarify the matter. Indeed, Congress has done so once before—in 1959 Congress amended the predecessor statute to §3624(b) for the specific purpose of undoing a judicial determination that credit should be based on time served rather than on the sentence imposed. See Pub. L. 86–259, 73 Stat. 546; see also H. R. Rep. No. 935, 86th Cong., 1st Sess. (1959). Congress rejected this judicial determination because it had the troubling effect of "requir[ing] well-behaved prisoners to serve longer sentences of confinement than they would under the method of computation which has been used through half a century." *Id.,* at 2. This same concern may well prompt Congress to provide further guidance as to what §3624(b) means by "term of imprisonment."